Smith, J.
This matter is before the court on the motion by defendant, Access Health Systems, Inc. (“Access”), to dismiss the complaint brought by plaintiff, Information Mapping, Inc. (“IMI”), for lack of personal jurisdiction over the parties, in particular defendant, Access. Access claims that this court has no jurisdiction over it under M.G.L.c. 223A, §3, the Massachusetts long-arm statute. For the following reasons, the motion to dismiss is ALLOWED.
BACKGROUND
The Parties
Plaintiff, IMI, is a Massachusetts corporation with a principal place of business in Waltham, Massachusetts. IMI is principally engaged in the business of providing writing services and training in a form of business writing known and trademarked as “information mapping.” Defendant, Access, is a Tennessee corporation with its principal place of business in Tennessee. Access is involved in the business of a Medicaid Health Maintenance Organization (“HMO”) in Tennessee. Defendant, Core Health Inc. (“Core Health”), is a Massachusetts corporation with its principal place of business in Cambridge, Massachusetts. Marcia Stein worked for Access and was involved in business relations between Access, IMI and Core Health.
Facts
In January 1999, IMI representatives met with Core Health representatives at Core Health offices in Cambridge, Massachusetts to discuss a potential agreement between Core Health, IMI and Access, whereby IMI would provide services to Access, through Access’ agent, Core Health. Marcia Stein, an employee of Core Health, attended the meeting on behalf of Core Health and Access. In April 1999, Access and Core Health verbally authorized IMI to provide consulting services to Access. Core Health requested that IMI perform “information mapping” for an automated health care billing system for Access at Access’ offices in Tennessee. The services were completed on or about the third week of August 1999.
Marcia Stein attended these meetings as the project manager and held herself out as having authority to bind Access, working both from Access’ offices in Tennessee and Core Health’s offices in Cambridge, Massachusetts. Ms. Stein worked with and trained many Access employees from April 1999 through August 1999. During the course of the project, IMI provided status reports to Access and Core Health, including billing information and other correspondence.
A dispute arose regarding payments for the completed project and consequently IMI brought a complaint against Access and Core Health in the Superior Court of Massachusetts, County of Middlesex. Access now moves to dismiss plaintiffs complaint, contending that Massachusetts lacks personal jurisdiction over the parties.
DISCUSSION
a. Motion to Dismiss
Pursuant to Mass.R.Civ.P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where “it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977). The court must accept as true the well-pleaded factual allegations of the complaint, as well as any inferences that can be drawn there from in the plaintiffs favor. Eyal v. The Helen Broadcasting Company, 411 Mass. 426, 429 (1991). A complaint should not be dismissed unless it appears beyond a doubt that plaintiff cannot prove a set of facts in support of his claim. Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 321 (1998). Thus, a court will permit a plaintiff to prevail over a motion to dismiss “unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claim.” Id. at 322.
b. Personal Jurisdiction: G.L.c. 223A, §3
The defendants argue that the complaint should be dismissed for lack of personal jurisdiction. M.G.L.c. 223A, §3. This court obtains personal jurisdiction over parties either by specific or general jurisdiction. In this case, the court may only obtain jurisdiction over Access by specific jurisdiction through the Massachusetts long-arm statute, under M.G.L.c. 223A §3. Once the court determines that it has jurisdiction pursuant to the long-arm statute it must then ensure that the exercise of jurisdiction does not contravene the constraints imposed by the Due Process Clause of the United States Constitution. Noonan v. Winston Co., *442 902 F.Sup. 298, 302-03 (D.Mass. 1995), affirmed, 135 F.3d. 85; Connecticut Nat. Bank v. Hoover Treated Wood Products, Inc., 37 Mass.App.Ct. 231, 233 (1994).
IMI has not established that any of the conduct or activities underlying the alleged contract between the parties occurred in Massachusetts. Although the initial meetings between the parties took place in Massachusetts, at all times, the intentions of the parties were that all the work involved in the project would be done in Tennessee. Nichols Associates, Inc. v. Starr, 4 Mass.App.Ct. 91, 96 (1976). IMI performed and completed the work at Access’ offices in Tennessee. Ancillary activities which are only incidental to the performance of a project located within another state do not fall within the meaning of the Massachusetts long-arm statute. Whittaker Corp. v. United Aircraft Corp., 482 F.2d 1079, 1085 (1st Cir. 1973).
Moreover, the exercise of jurisdiction over Access violates constitutional principles. Automatic Sprinkler Corp. v. Seneca Foods Corp., 361 Mass. 441, 443 (1972). Even if this court finds that Access transacted business in Massachusetts, in order to satisfy due process, Access must have had minimum contacts with Massachusetts “such that the maintenance of [this] suit does not offend ‘traditional notions of fair play and substantial justice.’ ” Automatic Sprinkler, 361 Mass. at 443-44, citing International Shoe v. Washington, 326 U.S. 310, 316 (1945). Access must have purposefully availed itself of the privilege of conducting business in Massachusetts and invoked the benefit and protection of its laws. Id. The only contacts between Access and IMI in Massachusetts included correspondence, billing information and contract authorization. These actions do not constitute sufficient contacts to confer on this Court personal jurisdiction over the defendant under M.G.L.c. 223A, §3. Id. at 444-45.
ORDER
This court finds that Access did not purposefully avail itself to the privilege of conducting business in Massachusetts and that even if it did, allowing personal jurisdiction over the parties would violate constitutional principals, and jurisdiction is therefore, lacking. Accordingly, Access Health Systems, Inc.’s Motion to Dismiss is ALLOWED.